GLEN E. GATES #85885
**GATES LAW GROUP**
**A Professional Corporation**
2445 Capitol Street, Suite 160E
Fresno, CA 93721
Telephone: (559) 432-9944
Facsimile: (866) 740-6678
Email: glen@gateslawgroup.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA FRESNO

| | |
|---|---|
| In re:<br><br>ROBERT SEBASTIAN RODRIGUEZ and<br>KARLA IVONNE RODRIGUEZ<br><br>Debtor(s). | Case No.: 2015-12993-B-13F<br><br>DC No: GEG-5<br><br>Chapter 13<br><br>DATE: November 15, 2018<br>TIME: 1:30 p.m.<br>PLACE: US Courthouse, 5th Floor<br>Dept. B, Courtroom 13<br>2500 Tulare Street<br>Fresno, CA 93721<br>JUDGE: Hon. René Lastreto II |

**EXHIBITS IN SUPPORT OF INTERIM APPLICATION FOR PAYMENT OF FEES AND/OR EXPENSES**

**Exhibit "A"**  Narrative Summary

**Exhibit "B"**  Itemized Time Entry by Date

**Exhibit "C"**  Itemized Time Entries by Project

**Exhibit "E"**  Fee Agreement

**EXHIBIT "A": Narrative for Interim Application for Payment of Fees and Expenses**

### 1. Pre-petition Consultation and Fact Gathering

Applicant consulted with the Debtor prior to the filing of the bankruptcy.

Total Hours: 4.20     Total Fees: $1,260.00

### 2. Preparation of Voluntary Petition, Schedules and Form 22C

Applicant prepared all necessary documents for the filing of this bankruptcy matter.

Total Hours: 2.70     Total Fees: $810.00

### 3. Independent Verification of Information

Applicant exercised due diligence in preparing and verifying the facts necessary to prepare the bankruptcy petition and other documents for the filing of the bankruptcy.

Total Hours: .40     Total Fees: $120.00

### 4. Amendments to Petitions and/or Schedules

Applicant prepared an amended Form 122; Schedules B, D, G, I and J.

Total Hours: 1.50     Total Fees: $450.00

### 5. Original Plan, Hearings and Objections

Applicant prepared the original plan and noticed a motion to confirm the plan. After the filing of the plan, the Chapter 13 trustee filed an opposition to confirmation of the plan. Applicant worked with the Chapter 13 trustee to get plan confirmed; order confirming the plan was entered March 30, 2016.

Total Hours: 2.50     Total Fees: $750.00

### 6. 341 Preparation and Attendance

Applicant appeared with Debtors at the Chapter 7 Meeting of Creditors and at both the original and continued 341 meeting of the creditors for this Chapter 13.

Total Hours: 7.70     Total Fees: $2,310.00

### 10. Claim Administration and Claim Objections

Applicant communicated with the Debtors regarding the claims, analyzed tax returns prepared by the Debtors, analyzed the Notice of Filed Claims, and communicated with the Debtor regarding the same.

**Total Hours: 7.10**      **Total Fees: $2,130.00**

### 11. Motions to Dismiss

Applicant communicated with the Debtors regarding Trustee's Motion to Dismiss Chapter 13 Case for failure to make all payments due under the plan.

**Total Hours: 1.20**      **Total Fees: $360.00**

### 13. Motions: *Example, Motion to Value Property, Motion to Avoid Liens, Motion to Incur Debt, Motion to Sell Property, other Motions*

Applicant prepared Motion to Convert Chapter 7 Case to a Chapter 13; Motion to Confirm Chapter 13 Plan; and Motion to Value Collateral of Consumer Portfolio Services.

**Total Hours: 17.70**      **Total Fees: $5,310.00**

### 14. Fee Application

Applicant prepared this instant application for fees and expenses.

**Total Hours: 2.80**      **Total Fees: $840.00**

### 16. Case Administration

Applicant prepared the documents required for the Chapter 13 trustee and submitted to the trustee's office. Applicant also reviewed correspondence and communicated with the Debtors regarding the case issues.

**Total Hours: 10.40**      **Total Fees: $3,120.00**

**Totals:**
     **Hours: 58.20**      Fees: $17,460.00
     **Pre-Filing Attorney Fees Paid:**      $1,500.00
     **Total Fees Requested:**      $15,960.00

| Date | User | Task | External Narrative | Hours | Rate | Value |
|---|---|---|---|---|---|---|
| 6/11/15 | GEG | 1 | Office consult with clients re: Chapter 7 bankruptcy | 1.00 | 300.00 | 300.00 |
| 7/16/15 | GEG | 1 | Continue preparation of schedules | 0.70 | 300.00 | 210.00 |
| 7/16/15 | GEG | 1 | Office conference with clients | 1.30 | 300.00 | 390.00 |
| 7/22/15 | GEG | 1 | Office conference with client; complete schedules | 1.20 | 300.00 | 360.00 |
| 7/31/15 | GEG | 16 | Receive correspondence from court | 0.20 | 300.00 | 60.00 |
| 8/27/15 | GEG | 6 | Attend meeting of creditors mtg; conference with clients; travel time. | 2.00 | 300.00 | 600.00 |
| 8/27/15 | GEG | 6 | Review file for hearing | 0.30 | 300.00 | 90.00 |
| 9/3/15 | GEG | 10 | Telephone conference with trustee's office re: assets | 0.30 | 300.00 | 90.00 |
| 9/4/15 | GEG | 10 | Review notice from trustee | 0.20 | 300.00 | 60.00 |
| 9/8/15 | GEG | 3 | Telephone call re: value of house and contract for Acadia | 0.40 | 300.00 | 120.00 |
| 9/9/15 | GEG | 16 | Review email from US Trustee | 0.40 | 300.00 | 120.00 |
| 9/11/15 | GEG | 5 | Office conference with client; review file; review documents, draft proposal plan calc | 1.50 | 300.00 | 450.00 |
| 9/15/15 | GEG | 5 | Document review auto contract & wage stubs | 0.20 | 300.00 | 60.00 |
| 9/22/15 | GEG | 16 | Review correspondence from tee | 0.20 | 300.00 | 60.00 |
| 9/23/15 | GEG | 10 | Review claims email | 0.10 | 300.00 | 30.00 |
| 9/23/15 | GEG | 16 | Office conference with client re: review | 1.00 | 300.00 | 300.00 |
| 9/24/15 | GEG | 13 | Draft Motion to convert case from Chapter 7 to Chapter 13 | 0.80 | 300.00 | 240.00 |
| 9/24/15 | GEG | 13 | Edit motion to convert; draft declaration | 1.20 | 300.00 | 360.00 |
| 9/25/15 | GEG | 13 | Review claims | 0.20 | 300.00 | 60.00 |
| 10/8/15 | GEG | 16 | Telephone call from coourt re: incorrect courtroom | 0.20 | 300.00 | 60.00 |
| 10/9/15 | GEG | 13 | Review motion to dismiss by UST | 0.60 | 300.00 | 180.00 |
| 10/23/15 | GEG | 10 | Review proof of claim | 0.20 | 300.00 | 60.00 |
| 11/5/15 | GEG | 10 | Review correspondence | 0.10 | 300.00 | 30.00 |



Exhibit B

| Date | Atty | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 11/9/15 | GEG | 10 | Review Order on Motion to Convert | 0.30 | 300.00 | 90.00 |
| 11/10/15 | GEG | 10 | Draft Order after Hearing | 0.50 | 300.00 | 150.00 |
| 11/16/15 | GEG | 10 | Review pleading | 0.20 | 300.00 | 60.00 |
| 11/17/15 | GEG | 10 | Review pleadings/Order | 0.10 | 300.00 | 30.00 |
| 11/23/15 | GEG | 4 | Office conference with clients | 1.50 | 300.00 | 450.00 |
| 11/24/15 | GEG | 5 | Edit Plan and prepare new I & J | 0.80 | 300.00 | 240.00 |
| 11/24/15 | GEG | 10 | Review claim of Consumer Portfolio | 0.20 | 300.00 | 60.00 |
| 11/25/15 | GEG | 10 | Prepare vehicle stip for Portfolio | 1.50 | 300.00 | 450.00 |
| 12/1/15 | GEG | 16 | Review motion from trustee Salven; review declaration; file review; legal research re Novaik & Hayes | 1.60 | 300.00 | 480.00 |
| 12/1/15 | GEG | 10 | Review Proof of Claim | 0.20 | 300.00 | 60.00 |
| 12/10/15 | GEG | 16 | Prepare evidentiary objection to trustee's report | 1.10 | 300.00 | 330.00 |
| 12/11/15 | GEG | 16 | Review claim by Trustee Salven | 0.60 | 300.00 | 180.00 |
| 12/15/15 | GEG | 6 | Attend Meeting of Creditors; travel time | 1.80 | 300.00 | 540.00 |
| 12/18/15 | GEG | 16 | Review trustee Fear's cases re: objection | 0.80 | 300.00 | 240.00 |
| 12/22/15 | GEG | 10 | Review Proof of Claim | 0.20 | 300.00 | 60.00 |
| 1/19/16 | GEG | 2 | Edit schedules and make requested trustee modifications | 2.40 | 300.00 | 720.00 |
| 1/20/16 | GEG | 13 | Draft objection to claim by trustee Salven | 2.20 | 300.00 | 660.00 |
| 1/20/16 | GEG | 13 | Legal Research | 2.20 | 300.00 | 660.00 |
| 1/22/16 | GEG | 2 | Review and edit schedules | 0.30 | 300.00 | 90.00 |
| 1/26/15 | GEG | 6 | Attend Meeting of Creditors; conference with clients; travel time. | 1.80 | 300.00 | 540.00 |
| 1/28/16 | GEG | 16 | Review pleadings; telephone call from Salven | 0.30 | 300.00 | 90.00 |
| 2/4/16 | GEG | 13 | Draft motion to value | 1.50 | 300.00 | 450.00 |
| 2/5/16 | GEG | 10 | Review proof of claim | 0.20 | 300.00 | 60.00 |
| 2/11/16 | GEG | 10 | File review for hearing | 0.30 | 300.00 | 90.00 |

Exhibit B

| Date | Atty | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 2/11/16 | GEG | 13 | Attend hearing; travel time | 1.80 | 300.00 | 540.00 |
| 2/11/16 | GEG | 13 | Review correspondence from trustee | 0.30 | 300.00 | 90.00 |
| 2/11/16 | GEG | 13 | Draft email to trustee | 0.20 | 300.00 | 60.00 |
| 2/12/16 | GEG | 16 | Review court notice | 0.20 | 300.00 | 60.00 |
| 2/13/16 | GEG | 13 | Review cases re: trustee claim issues | 1.40 | 300.00 | 420.00 |
| 2/16/16 | GEG | 13 | Review correspondence from trustee Salven | 0.30 | 300.00 | 90.00 |
| 2/18/16 | GEG | 16 | Office conference with client; draft new pay listing; draft declaration re vehicle purchase. | 1.80 | 300.00 | 540.00 |
| 2/18/16 | GEG | 13 | Draft correspondence to trustee re: resolution | 1.20 | 300.00 | 360.00 |
| 2/19/16 | GEG | 13 | Draft correspondence to trustee; review corresondence from tee | 0.40 | 300.00 | 120.00 |
| 2/19/16 | GEG | 13 | Review opposition to plan | 0.40 | 300.00 | 120.00 |
| 2/23/16 | GEG | 6 | Attend Meeting of Creditors; travel time | 1.80 | 300.00 | 540.00 |
| 3/3/16 | GEG | 13 | Office conference with client | 0.50 | 300.00 | 150.00 |
| 3/3/16 | GEG | 13 | Review trustee's withdrawal of motion | 0.10 | 300.00 | 30.00 |
| 3/9/16 | GEG | 13 | Review court tentative | 0.20 | 300.00 | 60.00 |
| 3/10/16 | GEG | 13 | Attend hearing; travel time | 1.00 | 300.00 | 300.00 |
| 3/10/16 | GEG | 13 | Prepare stipulation for Salven and Order | 0.40 | 300.00 | 120.00 |
| 3/10/16 | GEG | 13 | Prepare response to RFS motion | 0.50 | 300.00 | 150.00 |
| 3/15/16 | GEG | 13 | Review order; review response to RFS | 0.30 | 300.00 | 90.00 |
| 3/17/16 | GEG | 10 | Review correspondence from creditor x2; review withdrawl of POC. | 0.20 | 300.00 | 60.00 |
| 3/31/16 | GEG | 10 | Review response to Golden 1 Credit Union | 0.20 | 300.00 | 60.00 |
| 3/31/16 | GEG | 16 | Review Orders on plan | 0.20 | 300.00 | 60.00 |
| 4/1/16 | GEG | 16 | Review Court Order | 0.20 | 300.00 | 60.00 |
| 6/17/15 | GEG | 10 | Review notice of filed claims | 0.30 | 300.00 | 90.00 |
| 6/27/16 | GEG | 10 | Office conference with client to review notice of filed claims | 1.00 | 300.00 | 300.00 |

Exhibit B

| Date | Atty | Code | Description | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| 10/24/16 | GEG | 11 | Review court order re: dismissal | 0.20 | 300.00 | 60.00 |
| 2/6/17 | GEG | 16 | Review file regarding reques; review email from trustee | 0.30 | 300.00 | 90.00 |
| 12/12/17 | GEG | 10 | Conference with Chapter 13 trustee regarding plan and accounting | 0.50 | 300.00 | 150.00 |
| 12/12/17 | GEG | 16 | Office conference with client regarding new plan | 0.80 | 300.00 | 240.00 |
| 1/25/18 | GEG | 16 | Office conference with client re plan and income | 0.50 | 300.00 | 150.00 |
| 7/27/18 | GEG | 14 | Draft fee application; review exhibits and file | 2.80 | 300.00 | 840.00 |
| | TOTAL | | | 58.2 | | 17,460.00 |
| | | | Pre-Filing Attorney Fees Paid | | | 1,500.00 |
| | | | Total Fees Requested | | | 15,960.00 |

Exhibit B

| Project | Hours | Total Fees Charged |
|---|---|---|
| (1) Pre-petition Consultation and Fact Gathering | 4.20 | $ 1,260.00 |
| (2) Preparation of Voluntary Petition, Schedules and Form 22C | 2.70 | $ 810.00 |
| (3) Independent Verification of Information | .40 | $ 120.00 |
| (4) Amendments to Petitions and/or Schedules | 1.50 | $ 450.00 |
| (5) Original Plan, Hearings, Objections | 2.50 | $ 750.00 |
| (6) 341 Preparation and Attendance | 7.70 | $ 2,310.00 |
| (7) 1st Amended or Modified Plan, Motions, Objections | | $ |
| (8) 2nd Amended or Modified Plan, Motions, Objections | | $ |
| (9) 3rd Amended or Modified Plan, Motions, Objections | | $ |
| (10) Claim Administration and Claim Objections | 7.10 | $ 2,130.00 |
| (11) Motions to Dismiss | 1.20 | $ 360.00 |
| (12) Relief From Stay Proceedings | | $ |
| (13) Motions: *Example, Motion to Value Property, Motion to Avoid Liens, Motion to Incur Debt, Motion to Sell Property, other Motions.* | 17.70 | $ 5,310.00 |
| (14) Fee Applications | 2.80 | $ 840.00 |
| (15) Discharge and Case Closing | | $ |
| (16) Case Administration | 10.40 | $ 3,120.00 |
| **Total Fees** | 58.20 | $ 17,460.00 |
| **Pre-Filing Attorney Fees Paid** | | $ 1,500.00 |
| **Total Fees Requested** | | $ 15,960.00 |

EXHIBIT C



Harry Pascuzzi
Susan L. Pascuzzi
Steven R. Stoker
Glen E. Gates
Benny D. Barco
Catherine A. Amador
Robert C. Abrams
Justin Vecchiarelli

(559) 227-1100 tel
(559) 227-1290 fax
2377 W. Shaw Ave.,
Suite 101
Fresno, Ca 93711
www.pascuzzilaw.com
ggates@pascuzzi.net

## BANKRUPTCY LEGAL SERVICE CONTRACT

This document (the "Agreement"), executed in duplicate with each party receiving an executed original, is a written fee contract that California law requires lawyers to have with their clients pursuant to California Business and Profession Code Sections 6147 – 6148, and is intended to fulfill the requirements of that Section.

Pascuzzi, Pascuzzi & Stoker, Glen E. Gates, attorneys at law (hereinafter "Attorney"), will provide legal services to Karla & Robert Rodriguez (hereinafter "Client") on the terms set forth below.

1. **Nature of Services.** Attorney will provide legal services to Client relating to a Chapter 7 matter.

2. **Conditions.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the attorney fee called for under Paragraph 3.

3. **Attorney Fee.** Client hereby agrees to pay Attorney's fee in the amount of $1,910.00, receipt of $1,910.00 which is hereby acknowledged. The attorney fee does not include court costs, and the Client is to pay for all court costs and any other fees as needed. For certain types of adversary proceedings which are not included in the usual services contemplated (e.g., actions for violation of the automatic stay or to recover preferential transfers under 522(f)), Attorney may agree to perform those services on a contingency basis or file a request for additional fees with the Court.

   3.1   If the need for any amendments to the Client's Petition or Schedules becomes necessary due to the Client's failure to provide the required information, there will be an additional fee of **$150.00 per amendment as well as any court fees due**. This additional fee must be paid in full before the filing of any amendment.

   I have read and understand Section 3.1 above.   _____
   Client Initials

   3.2   Any services required and not included in the "Scope of Services" below shall require a separate fee agreement. Specifically excluded from the

"Scope of Services" are 2004 examinations, dischargeability litigation, and objection to discharge litigation.

I have read and understand Section 3.2 above.     _____
                                                    Client Initials

3.3 **Refund of Fees**
In the event the client determines to forego utilization of Attorney's services, any time spent on the file in excess of the initial consultation shall be billed and charged against any funds paid by Client or Client's agent. The fees charged shall be charged in accordance with the annexed fee schedule. Any designated paid filing fees shall be refunded to the client.

I have read and understand Section 3.3 above.     _____
                                                    Client Initials

3.4 **Conversion**
In the event Client seeks to convert from one chapter proceeding to another, Attorney shall be entitled to additional fees to be paid prior to conversion. The amount of fees shall be determined by Attorney's hourly rate times the estimated amount of work for the conversion plus any applicable court fees.

I have read and understand Section 3.4 above.     _____
                                                    Client Initials

3.5 **Additional Fees**
The quoted fee of $4,000 for a consumer Chapter 13 is to include 12 attorney hours of time. The attorney reserves the right to petition the court for additional fees should the time expenditure on the case warrant additional fees. The request for more fees shall be in accordance with the local rules regarding professional fee applications as well as United States Trustee Guidelines and the Bankruptcy Abuse Prevention and Consumer Protections Act.

I have read and understand Section 3.5 above.     _____
                                                    Client Initials

4. **Scope of Services.** Attorney will provide all reasonably necessary legal services to enforce Client's rights as set forth below, except for appeals from any judgment rendered by the court or pre-judgment writs or petitions to a higher court to review an inferior court's action. Such representation will require a separate agreement for costs and attorney's fees. Client will

also agree that the entry of the final discharge will terminate Attorney's representation of Client unless additional arrangements are made. Unless Client and Attorney make a different agreement in writing, this Agreement will govern all future services Attorney may perform for Client.

    4.1    Attorney shall prepare and file the Petition and Schedules.

    4.2    Attorney will represent the Client at the 341(a) Meeting of Creditors.

    4.3    Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries.

    4.4    Attorney is authorized to associate other counsel on Client's behalf any time Attorney deems it necessary or desirable. Attorney will give Client notice of any association. Allocation of legal fees with associated counsel will be made according to Rule 2-108 of the Rules of Professional Conduct of the State Bar of California.

5.    **Client's Duties.** Client agrees to be truthful with Attorney; to promptly provide all information and documents requested by Attorney' to communicate with Attorney as necessary; to return our telephone calls and respond to our letters; to keep Attorney informed of developments; to do those things that the law requires of Client as a litigant, including responding to discovery requests; to abide by this Agreement; to pay Attorney's bills on time; to keep attorney advised of Client's address, telephone number and whereabouts; and to cooperate fully in preparing and presenting Client's case. Client also agrees to make Client's expectations and goals as clear to Attorney as possible.

6.    **Release of Client's Papers and Property.** After Attorney's services are concluded, Attorney will, upon Client's request, deliver the file for this matter to Client along with any funds or property of Client's in our possession, subject to any protective order or non-disclosure agreement. Client's file and property includes, but is not limited to correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation, whether Client has paid for them or not. It is further agreed that upon withdrawal or discharge, Attorney will have the right to retain a copy of Client's file. If Client does not request the file for this matter, Attorney will retain it for a period of three years after this matter is closed. If Client does not request the file for this matter before the end of the three year period, Attorney will have no further obligation to retain the file and may, at Attorney's discretion, destroy it without further notice to Client. At any point during the three-year period Client may request delivery of the file.

7.    **Notice of Privacy Practices.** The following states the Privacy Policy of the firm Pascuzzi, Pascuzzi & Stoker.

Lawyers are now required by the Gramm-Leach-Bliley Act to inform their clients of their

policies regarding privacy of client information. Our law firm understands your concerns as a Client for privacy and the need to ensure the privacy of all of your information. Your privacy has always been important to us and your trust and confidence is of the highest priority. Lawyers have been, and continue to be bound by Professional Standards of Confidentiality that are even more stringent than those required by such Act. Therefore, we have always protected your right to privacy. The purpose of this notice is to explain our Privacy Policy with regard to personal information about you that we obtain and how we keep that information secure.

<u>Non-Public Personal Information We Collect.</u> We collect non-public information about you that is provided to us by you or obtained by us with your authorization and consent.

<u>We Do Not Disclose Any Personal Information About Our Clients or Former Clients to Anyone Except as Permitted by Law and Any State Ethics Rules.</u> We do not disclose any non-public personal information about current or former clients obtained in the course of our representation of those clients, except as expressly authorized by those clients to enable us to accomplish the purpose of our representation, or as required or permitted by law or applicable provisions of Codes of Professional Responsibility or ethical rules governing our conduct as lawyers. We have no business affiliations with any institutions, and there are no exceptions or loopholes in our policy.

<u>Confidentiality and Security.</u> We retain records relating to professional services that we provide so that we are better able to assist you with your professional needs and to comply with professional guidelines or requirements of law. In order to guard your non-public personal information, we maintain physical, electronic and procedural safeguards that comply with our professional standards.

Further representations include that the attorney carries malpractice insurance.

8. **Arbitration of Fee or Other Disputes.** Any dispute between Client and Attorney as to the reasonable value of services under this Agreement shall be arbitrated under the provisions of the State Bar Fee Arbitration Program set forth in Sections 6200 – 6206 of the <u>California Business and Professions Code</u> as administered by the Fresno County Bar Association and shall be submitted to and decided by the Fresno County Bar Association Program. Any dispute (other than one concerning legal fees only) including, but not limited to disputes as to the quality of Attorney's services, breach of fiduciary duties, or any other aspect of our attorney-client relationship, will be determined by submission to non-binding arbitration as provided by California law.

9. **Attorney's Fees and Costs in Action on Agreement.** The prevailing party in any action or proceeding to enforce any provision of this Agreement will be awarded reasonable attorney's fees and costs incurred in that action or proceeding or in efforts to negotiate the matter.

10. **Disclaimer of Guarantee.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Client acknowledges that the Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guarantee.

11. **Non-Waiver of Agreement.** There is to be no change or waiver of any of the provisions of this Agreement unless the change is in writing, signed by both Client and Attorney.

12. **Entire Agreement.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement, will be binding on the parties.

13. **Severability in Event of Partial Invalidity.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

14. **Modification by Subsequent Agreement.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or any oral agreement to the extent that the parties carry it out.

15. **California Law Governs Contract.** Attorney has negotiated and entered into our contract in the County of Fresno, State of California. The contract shall be interpreted according to California law. Fresno County shall be venue jurisdiction for any action brought relating to the validity or enforceability of this contract, including fee or other arbitration.

16. **Place of Contract.** This Agreement is entered into at Fresno, California, and it shall come into existence upon acceptance and execution by the Attorney at Fresno, California. This provision is not meant to exempt Client from liability to pay for legal serves performed by Attorney pursuant to Client's request, prior to the execution and acceptance of this Agreement.

17. **Effective Date.** The effective date of this Agreement will be the date when, having been executed by client, one copy of the Agreement is received by Attorney and Attorney receives the initial deposit required in Paragraph 5 of this agreement, or Attorney accepts late receipt. The date at the end of this agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.

18. **THIS OFFICE DOES NOT PROVIDE TAX ADVICE.** ANY PORTION OF ANY AGREEMENT OR ANY ISSUE DEALING WITH TAXATION MUST BE REVIEWED BY A COMPETENT CERTIFIED PUBLIC ACCOUNTANT FAMILIAR WITH BANKRUPTCY LAW ISSUES. UNDER NO CIRCUMSTANCES WILL THIS OFFICE ATTEMPT TO ADVISE ANY CLIENT ON TAX ISSUES.

19. **Compensation for Testifying in Any Case Relating to Client.** In the event that this office or any employee of this office is subpoenaed to testify in any proceeding pertaining to the facts of any case relating to the client, the attorney and/or the employee shall be entitled to hourly compensation at the then charged rate for testimony and preparation.

I have read and understand Section 19 above.      _RR_
                                                Client Initials

20.    I/We have read and understand the foregoing terms and those set forth on any addendum to this agreement and agree to them as of July 29, 2015, the date services were first provided. If any part of the Agreement is not clear to me/us, I/we understand and acknowledge I/we are free to ask Attorney to explain it further before the Agreement is signed. I/we further understand and acknowledge that I/we have the right to consult with another attorney about any aspect of this Agreement. If more than one party signs below, we each agree to be liable, jointly and severally, for all obligations under this Agreement.

Dated:  8-3-15                          _[signature]_
                                        Robert Rodriguez, Client

Dated:  8-3-15                          _[signature]_
                                        Karla Rodriguez, Client

Dated:                                  /s/ Glen E. Gates
                                        GLEN E. GATES, Attorney

## ANNEXED FEE SCHEDULE

| | |
|---|---|
| GLEN E. GATES | $300.00 hour |
| ASSOCIATE | $225.00 hour |
| LAW CLERK | $130.00 hour |
| PARALEGAL | $130.00 hour |
| CLERICAL | $30.00 hour |
| TELEPHONE CALL | .3 hour |
| OFFICE CONFERENCE | 1.0 hour |
| COURT APPEARANCE (includes travel time) | 1.5 hour |
| DOCUMENT REVIEW | .3 hour |
| MEMO TO FILE/FILE REVIEW | .3 hour |
| CORRESPONDENCE TO CLIENT | .5 hour |
| LEGAL RESEARCH | ACTUAL |
| COURT TIME (Portal to Portal) | ACTUAL |
| COURT COSTS (e.g., service of process, filing fees, deposition, etc.) | ACTUAL |

I have read and understand the annexed fee schedule above.   _____
                                                              Client Initials